**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Duarte,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Daniel Quijada, et al.,<br><br>　　　　　Defendants. | No. CV-19-04985-PHX-SPL (MTM)<br><br>**ORDER** |

**I.   Introduction.**

Before the Court is Defendants' First Motion for Discovery Relief Under Rule 37 (doc. 59), filed August 6, 2020. Defendants seek discovery sanctions under Rule 37 of the Federal Rules of Civil Procedure for Plaintiff's alleged failure to participate in discovery. (*Id*. at 1). For the reasons explained below, the Court grants Defendants motion.

**II.   Discussion.**

Defendants argue that Plaintiff should be sanctioned under Rule 37 for two failures by Plaintiff to participate in discovery. First, Defendants argue Plaintiff failed to participate in a Rule 35 Independent Medical Examination ("IME"). Defendants state that they originally attempted to schedule the IME in May 2020 (*see* doc. 34), but that they agreed to an extension when Plaintiff indicated that he was ill with COVID-19 consistent symptoms. (Doc. 59 at 2).

Defendants state they later sought and obtained an order from this Court on July 1, 2020 (doc. 51) setting a new IME date. However, shortly before the revised IME date, Plaintiff informed Defendants that he was still exhibiting COVID-19 symptoms. (Id. at 2-

3). Defendants argue that they incurred additional expenses when they were compelled to cancel the second IME on short notice. (*Id* at 3). Defendants assert that between July 18, 2020 and August 4, 2020, Defendants attempted to follow up with Plaintiff to see if Plaintiff had tested positive for COVID-19, but Defendants did not receive a response. (*Id*).

On August 25, 2020, Plaintiff filed a Response in Opposition (doc. 62) to Defendants' motion. Plaintiff argues that he had been experiencing symptoms consistent with COVID-19 beginning in May 2020, around the time the parties had originally scheduled an IME. (*Id*. at 3). Plaintiff states that it was only after the parties had agreed to extending the expert witness disclosure deadline in July 2020 that Defendants informed Plaintiff that they were incurring additional expenses due to cancelling the IME for a second time. (*Id*). Therefore, Plaintiff concludes that imposing sanctions for expenses associated with the IME would be unfair. (*Id*. at 4).

As to the issue with Defendants' Fourth Set of Interrogatories and Requests for Production, Plaintiff states that he has provided Defendants with responses to all discovery requests, but that some documents requested by Defendants were not provided because Plaintiff mistakenly believed they were redundant. (*Id*). Plaintiff states that Defendants agreed to a one-week extension for Plaintiff to supplement his interrogatory answers.

On September 1, 2020, Defendants filed a Reply (doc. 67). Defendants state that Plaintiff's failure to communicate with Defendants in the weeks leading up to the IME date prevented Defendants from avoiding the cancellation expenses (*Id*. at 2). Additionally, Defendants argue that Plaintiff unduly delayed obtaining a COVID test to determine if he actually could attend the IME without risking the health of the examiner. As to the requests for production, Defendants state that Plaintiff's response "tacitly concedes" that Plaintiff's responses were not complete, but that given the communication issues in this case, an order setting a prompt deadline for supplemental disclosure "is prudent." (*Id*. at 3).

**A. Independent Medical Examination.**

Defendants' motion for discovery sanctions is meritorious. Defendants state that Plaintiff has cancelled two appointments with Defendants designated medical expert.

These appointments were intended to allow Defendants' expert to conduct an IME of Plaintiff and prepare a report on Plaintiff's medical condition for use in this litigation. (Doc. 59 at 2-3). The record reflects that Defendants twice moved for physical examination of Plaintiff pursuant to Fed. R. Civ. P. 35 (*see* docs. 34, 48), and that neither examination took place (*see* docs. 37, 53).

Plaintiff does not contest in the Response that neither examination took place; Plaintiff argues instead that "Defendants' counsel did *not* inform [Plaintiff's] counsel that Dr. Brainard would be charging $2,000.00 as a result of the IME rescheduling." (Doc. 62 at 3)(emphasis in original). Plaintiff further states that:

> [h]ad Defendants' counsel simply informed [Plaintiff] of that fact, [Plaintiff] would have appeared for the examination, explained his symptoms to Dr. Brainard and Dr. Brainard would have been free to either cancel the examination or proceed with it knowing that Mr. Duarte might be exposing others to a highly contagious, potentially deadly virus.

(*Id*). Plaintiff's argument is not entirely accurate; Defendants' Exhibit B indicates that on July 6, 2020, Defendants' counsel stated that Defendants were "evaluating whether we will incur any additional expenses based on the cancellations" and that, on July 7, 2020, Plaintiff was notified that cancellation of the IME would result in $2,000.00 in expenses to Defendants. (Doc. 59-3, Ex. B at 2-3).

Although Plaintiff can argue that Defendants agree to a stipulated extension of the expert witness disclosure deadline prior to informing Plaintiff of the cancellation expense, the Court does not consider that argument sufficient to avoid sanctions; the Court twice afforded Plaintiff the opportunity to indicate that Plaintiff was not well enough to conduct an IME before ordering an IME. (Docs. 35, 50). Plaintiff did not avail himself of either opportunity until after the Court ordered Plaintiff to appear at the IME (doc. 35 at 2, doc. 51 at 2). Once the Court's Order was issued, Plaintiff was required to appear at the IME, and bore the potential consequences of failing to do so.

The Court also observes that Plaintiff did not comply with this Court's July 7, 2020 Order (doc. 53), which extended the discovery deadlines in this matter, but also ordered Plaintiff "to certify, on or before August 11, 2020, that he has either obtained a negative

- 3 -

COVID-19 test, or that he has been without physical symptoms for the past fourteen (14) days." (Doc. 53 at 2). Plaintiff's August 25, 2020 Response in Opposition (doc. 62 at 2 n.1) was the first time Plaintiff informed the Court that he had obtained a negative COVID test, even though Plaintiff had taken the test less than four days after the Court issued its Order. (*Id.* at 2).

Taken together, the continued failure of Plaintiff to respond in a timely fashion to this Court's orders indicates to the Court that sanctions are necessary to obtain future compliance with this Court's deadlines, and to ensure that Defendants do not incur unnecessary expense in seeking an IME they are entitled to conduct under the Federal Rules of Civil Procedure.

### B.   Request to Compel Discovery.

Defendants are also entitled to an order regarding discovery. The party seeking an order compelling discovery is responsible for establishing that the request is relevant. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). An item subject to a discovery request is relevant when the item "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Once the moving party demonstrates the request is relevant, the moving party must identify how the response to the request is deficient. *Jane Doe 130 v. Archdiocese of Portland in Oregon*, 717 F.Supp.2d 1120, 1126 (D. Or. 2010).

The record indicates that Defendants served their Fourth Set of Interrogatories and Requests for Production on June 9, 2020 (doc. 46), and that there exists no corresponding Notice of Service of Discovery by Plaintiff indicating the requested responses were sent. Medical records are directly relevant where a plaintiff claims physical damages. *See Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D. Cal. 2003)("This Court finds that the information in Ray's medical records and worker's compensation file is directly relevant to his physical condition on the day of the shooting."); *Kent v. Cummings*, No. CV-09-1616-PHX-JWS (LOA), 2010 WL 2643538 at *8 (D. Ariz. June 29, 2010)("Plaintiff's

claim for damages that Defendant intentionally and violently yanked Plaintiff's cuffed hands through a door trap, causing lacerations and permanent scars has directly placed Plaintiff's private medical records and his injuries in controversy. Defendant is entitled to verify Plaintiff's medical claims and his credibility."). Plaintiff claims permanent physical injuries stemming from Defendants' alleged conduct. Defendants are entitled to review medical evidence that either supports or undermines this claim.

**III.    Scope of Remedy.**

Having determined that Defendants' motion has merit as to both the IMEs and the discovery issue, the Court now considers the proper remedy. The court has wide latitude to issue sanctions under Rule 37. *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 859 (9th Cir. 2014). Magistrate judges are empowered to issue non-dispositive Rule 37 sanctions in cases referred to the magistrate under 28 U.S.C. § 636(b)(1)(A). *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 622 (N.D. Cal. 2018)(*citing Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240-41 (9th Cir. 1991)). Defendants requested a variety of different forms of relief, including (1) ordering Plaintiff to bear the expense of the cancelled appointments, (2) precluding Plaintiff from pursuing a claim of permanent injury, (3) compelling a response to the outstanding discovery request, (4) directing that certain facts be deemed established, and (5) dismissing the case outright. (Doc. 59 at 2).

The Court orders Plaintiff to bear the expense of the cancelled appointments and compels a response to Defendants' outstanding discovery requests but denies Defendants alternative requests for relief.  Fed. R. Civ. P. 37(b)(2)(C) requires the Court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to produce a person for examination. Given Plaintiff has not established a justification or circumstances sufficient to excuse the non-compliance, reasonable fees and expenses are mandated by Rule 37. The Court therefore requires Defendants to submit a supplemental motion for fees and expenses that complies with Rule 54.2 of the Local Rules of Civil Procedure.

//

Defendants are also entitled to an order compelling Plaintiff to respond to Defendants' Fourth Set of Interrogatories and Requests for Production. Plaintiff states that Defendants have "given [Plaintiff] until early next week to supplement his interrogatory answers" to satisfy Defendants' discovery requests. (Doc. 62 at 4). Defendants do not dispute this assertion, but state in the Reply that "based on Plaintiff's pattern of late disclosure, an order setting a prompt deadline for this disclosure is prudent." (Doc. 67 at 4). The Court agrees; additional sanctions based on the non-compliance with Defendants' discovery request are unwarranted in light of Defendants' acquiescence to a later disclosure date. However, the Court requires that disclosure be made no later than **September 9, 2020** and requires contemporaneous notification that discovery responses have been served. Failure to do so **will result in additional sanctions** of the degree the Court considers appropriate.

The Court will not recommend claim or case-dispositive sanctions at this time. The window to conduct expert and fact witness depositions closes on September 30, 2020. (Doc. 53). Moreover, Supplements to Mandatory Initial Discovery Pilot Responses are not due until September 30, 2020 as well, and dispositive motions are not due until November 6, 2020. (Doc. 56). There is sufficient time for Plaintiff to comply with Defendants discovery requests and allow for full consideration of the case on the merits. Additionally, this is the first instance Defendants have sought the Court's intervention in a discovery dispute. Claim or case-dispositive sanctions are unwarranted absent evidence that less punitive remedial measures by the Court will prove ineffective.

**IV. Conclusion.**

Having set forth the relevant facts and considerations, the scope of relief the Court now orders is as follows: Plaintiff is required to pay all reasonable expenses associated with the cancelled IME. Defendants shall, within twenty-one (21) days of this Order, file a separate motion for fees and expenses that complies with Rule 54.2 of the Local Rules of Civil Procedure.[1] Plaintiff shall have fourteen (14) days from the filing of the motion to

---

[1] Though Defendants include as an exhibit a fee schedule from their expert witness (doc. 59-4), this exhibit is not enough standing alone to establish Defendants actual expenses

- 6 -

file a response. Defendants may file a reply within seven (7) days of service of the response.

Additionally, Plaintiff is required to respond to Defendants' Fourth Set of Interrogatories and Requests for Production (doc. 46). Plaintiff shall, no later than **September 9, 2020**, serve his responses on Defendants, and shall file a separate Notice of Compliance with the Court indicating the responses have been served.

**IT IS ORDERED:**

(1) Defendants Motion for Relief Under Rule 37 (doc. 59) is **granted**.

(2) Plaintiff **shall pay** all reasonable expenses associated with the cancelled IME. Defendants shall, within twenty-one (21) days of this Order, file a separate motion for fees and expenses that complies with Rule 54.2 of the Local Rules of Civil Procedure. Plaintiff shall have fourteen (14) days from the filing of the motion to file a response.

(3) Plaintiff **shall respond** to Defendants' Fourth Set of Interrogatories and Requests for Production (doc. 46). Plaintiff shall, no later than **September 9, 2020**, serve his responses on Defendants, and shall file a separate Notice of Compliance with the Court indicating the responses have been served.

Dated this 2nd day of September, 2020.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge

---

associated with the cancellation of the IMEs. Moreover, Rule 37 makes attorney's fees related to the discovery failure mandatory as well. Therefore, the Court requires a separate, subsequent motion that complies with LRCiv 54.2.